## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| RESERVA COFFEE ROASTERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| RESERVA 03 COCINA / BAR, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, Reserva Coffee Roasters, LLC ("Plaintiff or Reserva Coffee") asserts claims against Reserva 03 Cocina / Bar, LLC ("Defendant or Reserva Cocina") for infringement of rights granted under the Federal Trademark Act of 1946 (15 U.S.C.A. §§ 1051 et seq.).  Specifically, the action arises under Section 32(1) of the Act (15 U.S.C.A. § 1114(1)) and seeks relief under that Section and under Sections 34 and 35 of the Act (15 U.S.C.A. §§ 1116, 1117).  Further, Plaintiff asserts claims under state law, violation of the Texas Anti-Dilution statute, injury to business reputation and trademarks, common law unfair competition, and seeks a permanent injunction, damages, attorneys' fees and costs, and such other relief as the Court deems appropriate.

### PARTIES

1.  Reserva Coffee is a Limited Liability Company organized under the laws of the State of Texas and maintains its principal place of business at 2616 N 41st Street, McAllen, Texas 78501.

2.  Reserva Cocina is a Limited Liability Company organized under the laws of the State of Texas and has its principal place of business at 1350 W. Palma Vista, Ste. 2, 3, 4, Palmview, Texas 78572.

JURISDICTION AND VENUE

3.   The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to Section 39 of the Act (15 U.S.C.A. § 1121) and pursuant to 28 U.S.C.A. § 1338(a). The Court has supplemental jurisdiction over the Texas State law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so closely related to the federal claims brought herein as to form a part of the same case or controversy.

4.   The Court has personal jurisdiction over the Defendant because the Defendant's principal place of business is within the state.

5.   Venue is proper in this district because Defendant's principal place of business is in McAllen, Texas.  Additionally, the Defendant committed acts within this district that give rise to this action.

FACTS COMMON TO ALL CLAIMS

6.   Plaintiff is the lawful owner of U.S. Registration Number 5,658,771, that trademark being RESERVA COFFEE ROASTERS ("Reserva Trademark"), registered for:

Coffee; coffee-based beverages; Roasted coffee beans.

7.   For nearly 7 years, and at least since January 2, 2019, Plaintiff has developed a number of proprietary products and has continuously maintained exclusive rights over the Reserva Trademark.  Plaintiff currently operates 4 coffee shops in McAllen and Edinburg, Texas and continuously carries on a national online presence.

8.   Plaintiff has invested hundreds of thousands of dollars in promoting its goods and services associated with its Reserva Trademark throughout Texas, and the United States.  Reserva Coffee has used its Trademark in its name, on its website, in its logo, on its packaging and has become known in the community for its name, specifically, *Reserva*.

9.   The Reserva Trademark is highly distinctive.

2

10. The Reserva Trademark and the goodwill associated with it have become valuable assets of Plaintiff.

11. In addition to the trademark registration, Plaintiff owns the domain reservacoffee.com, as well as social media handles that include, https://www.facebook.com/ReservaCoffee, @reservacoffee, www.youtube.com/@reservacoffeeroasters4118.

12. Upon information and belief, the Defendant has infringed upon and has used the Reserva Trademark without express authorization from Plaintiff. Specifically, Defendant has registered its business as Reserva 03 Cocina/Bar, LLC, advertised under the name Reserva and adopted and erected signage using the Reserva mark to advertise its business to the public. Upon further information and belief, and as of the date of the filing of this Complaint, the Defendant still infringes upon and uses the Reserva Trademark without express authorization.

13. Upon information and belief, the Defendant has used the Reserva Trademark in connection with its products and services in a manner that creates a likelihood of confusion. Specifically, Defendant has advertised for and intends to offer food and beverage service under a confusingly similar name and mark. Further, under information and belief, the business does business within the State of Texas, where Plaintiff also does business. Upon information and belief, there is a high likelihood that the continued use and promotion by the Defendant of the Reserva Trademark will cause additional confusion in the marketplace as to the source of the goods and services sold by Plaintiff and the Defendant. The overlap in services, products and categories and the confusingly similar names and marks is likely to cause the public confusion.

## CLAIM ONE

### INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK

14. Plaintiff realleges the allegations of Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. As described in this Complaint, the Defendant has infringed upon Plaintiff's registered trademark in commerce by various acts, including, without limitation, the adoption of the mark and the sale of products and services in connection with the infringing mark.

16. Defendant's adoption and use of the infringing mark is without permission or authority from Plaintiff and has caused and is likely to continue to cause confusion, mistake and/or is intended to deceive those in the relevant market.

17. The Defendant has adopted and used or intends to use the infringing marks in connection with food and beverages with constructive notice of the Plaintiff's registration under 15 U.S.C. § 1072.

18. By engaging in the complained-of conduct, Defendant used in commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the registered trademark and/or reproduced, counterfeited, copied or colorably imitated the registered trademark or applied a reproduction, counterfeit, copy, or colored imitation of the registered trademark to its building, social media, and as a registered name with the Secretary of State of Texas in violation of 15 U.S.C. §1114.

19. The Defendant's actions have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

4

<u>CLAIM TWO</u>

INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARK AND TRADE NAME

20. Plaintiff realleges the allegations of Paragraphs 1 through 19 of this Complaint and fully incorporates them by reference herein.

21. As described in this Complaint, the Defendant has infringed upon Plaintiff's common law rights to its trademark and trade name.  Plaintiff is the senior user of the Reserva Trademark and the name.  A likelihood of confusion exists between the Plaintiff's mark and the Defendant's mark.

22. The Defendant's infringement of Plaintiff's common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff to an award of damages.

23.     The Defendant's infringing activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury to Plaintiff, its business, reputation and goodwill because Plaintiff has no adequate remedy at law.

<u>CLAIM THREE</u>

VIOLATION OF THE TEXAS ANTI-DILUTION STATUTE

24. Plaintiff realleges the allegations of Paragraphs 1 through 23 of this Complaint and fully incorporates them by reference herein.

25. Plaintiff is the owner of the federal trademark identified in this Complaint.  The Reserva Trademark is distinctive.

26. The Defendant's use of the Reserva Trademark will cause blurring or tarnishing of the Reserva Trademark.

27. The Defendant's infringing activities have caused, and unless enjoined by this Court,

will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff because Plaintiff has no adequate remedy at law.

CLAIM FOUR

FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(A)

28. Plaintiff realleges the allegations of Paragraphs 1 through 27 of this Complaint and fully incorporates them by reference herein.

29. As described in this Complaint, the Defendant's adoption and use of the infringing mark, domain, business name and social media handles constitute a false designation of origin and/or false and misleading description of its legal services and is likely to cause confusion, mistake and/or to deceive as to the affiliation, connection or association of Plaintiff as to is origin sponsorship or approval of the services and products of Plaintiff in violation of 15 U.S.C. 1125(a).

30. The Defendant's infringing activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, reputation and goodwill because Plaintiff has no adequate remedy at law.

CLAIM FIVE

INJURY TO BUSINESS REPUTATION OR TRADEMARKS

31. Plaintiff realleges the allegations of Paragraphs 1 through 30 of this Complaint and fully incorporates them by reference herein.

32. As described in this Complaint, the Defendant has injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiff's common law trademark.

33. The actions of the Defendant constitute an injury to the business reputation of Plaintiff and dilution of Plaintiff's proprietary trademarks in violation of Texas Business and Commerce Code Ann. §16.29.

## CLAIM SIX

## COMMON LAW UNFAIR COMPETITION

34. Plaintiff realleges the allegations of Paragraphs 1 through 33 of this Complaint and fully incorporates them by refence herein.

35. The above actions of Defendant are a form of unfair competition that is prohibited under the common law of Texas.  Plaintiff has been damaged by this misconduct in an amount to be proven at trial.

## INJUNCTIVE RELIEF

36. Plaintiff realleges the allegations of Paragraphs 1 through 35 of this Complaint and fully incorporates them by refence herein.

37. Plaintiff seeks permanent injunctive relief pursuant to Texas common law, 15 U.S.C. §1116, and Texas Business Code §16.29.

38. Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by the Defendant because Plaintiff's business will be irreparably damaged, and such damage is difficult, if not impossible to quantify.  Plaintiff will suffer irreparable harm, damage, and injury unless the acts and conduct of the Defendant complained of herein are enjoined because the Defendant's continued conduct is likely to cause confusion among customers and vendors that will result in the loss of customers, reputation, goodwill, revenue and profits, diminished marketing and advertising, and trademark dilution.

## JURY DEMAND

Plaintiff requests a trial by jury.

<u>PRAYER FOR RELIEF</u>

Plaintiff prays that after due proceedings, the Court:

1.  Enter judgment against Defendant for all claims;

2.  Award damages to Plaintiff;

3.  Enter a permanent injunction restraining the Defendant, together with its officers,

employees, agents, successors and assigns or others acting in concert with them, from using the

infringing trademarks and trade names in connection with its business;

4.  Awarding Plaintiff costs of this action and a reasonable attorney's fee;

5.  Grant to Plaintiff such other relief as the Court deems just and proper.


Dated: December 13, 2022                    Respectfully Submitted,

                                            KATIE CHARLESTON LAW, PC

                                            By: <u>/s/ Katie M. Charleston</u>
                                            Katie M. Charleston, Attorney For Plaintiff
                                            TX State Bar No. 24104606
                                            S.D. TX Bar No. 3816349
                                            1905 S. New Market St., Ste. 169
                                            Carmel, IN 46032
                                            Ph: (317) 663-9190
                                            Fax: (317) 279-6258